ORIGINAL

LAW OFFICES OF
WILLIAM FENTON SINK

WILLIAM FENTON SINK #3546
Dillingham Transportation Bldg.
735 Bishop Street, Ste. 400
Honolulu, Hawai'i 96813
Telephone: 808-531-7162
Facsimile: 808-524-2055

Attorney for Plaintiff
RICHARD A. THOUROT

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 14 2008

at 3 o'clock and 36 min P M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| RICHARD A. THOUROT,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL DETENTION CENTER-HONOLULU, FEDERAL BUREAU OF PRISONS, UNITED STATES OF AMERICA,<br><br>Defendants. | CIVIL NO.: CV08 00369 HG KSC<br><br>**COMPLAINT; DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Richard A. Thourot, by and through his attorney, alleges and avers against the above-captioned Defendants as follows:

## *I. Parties.*

1. Plaintiff Richard A. Thourot (hereinafter "Richard" or "Plaintiff"), is an individual that is a citizen of the State of Hawai'i.

2. Defendant Federal Detention Center-Honolulu (hereinafter "FDC") is a federal detention center in the District of Hawai'i housing male and female inmates in the State of Hawai'i, City & County of Honolulu and may be served by delivering a copy of the summons and of the complaint to the United States Attorney for the District of Hawaii and by sending a copy of the summons and of the complaint by registered or certified mail to the civil process clerk at the office of the Attorney General of the United States - District of Hawai'i and by sending a copy of the summons and of the complaint by registered or certified mail to the FDC.

3. Defendant Federal Bureau of Prisons (hereinafter "BOP") is a Federal law enforcement agency subdivision of the United States Department of Justice, and is responsible for the administration of the federal prison system including the FDC and may be served by delivering a copy of the summons and of the complaint to the United States Attorney for the District of Hawaii and by sending a copy of the summons and of the complaint by registered or certified mail to the civil process clerk at the office of the Attorney General of the United States -

District of Hawai'i and by sending a copy of the summons and of the complaint by registered or certified mail to the BOP.

4. Defendant United States of America (hereinafter "USA") is a federal government entity and is responsible for the administration of the BOP including the FDC and may be served by delivering a copy of the summons and of the complaint to the United States Attorney for the District of Hawaii and by sending a copy of the summons and of the complaint by registered or certified mail to the civil process clerk at the office of the Attorney General of the United States - District of Hawai'i

## II. Jurisdiction.

5. This court has jurisdiction over the under 28 U.S.C. § 1346(b) because the suit involves a claim against the United States for personal injury caused by the negligent acts of a government employee/agent while acting within the scope of his employment with Defendants at FDC.

## III. Venue.

6. Venue is proper in this district under 28 U.S.C. § 1402(b) because the negligent acts complained of occurred in this district.

## *IV. Conditions Precedent.*

7. Plaintiff timely presented this claim in writing to the U.S. Department of Justice Federal Bureau of Prisons. This suit is filed within six months of the agency's final written notice of its denial of the claim issued on April 18, 2008.

## *V. Underlying Facts.*

8. Plaintiff, a prisoner at the time of the events stated below, was incarcerated and under the control of Defendants.

9. On September 16, 2007, after Plaintiff returned from work, he entered the television room and saw that no one was watching the television. Plaintiff asked FDC's guard for the remote control so that he could change the channel.

10. FDC's guard gave Plaintiff the remote control, in violation of prison rules and/or regulations, and continued playing a game on his computer.

11. While Plaintiff was changing the channel, two other inmates came out of their cells and viciously attacked Plaintiff while FDC's guard sat approximately 20 feet away. This attack was unprovoked by Plaintiff. Plaintiff attempted to stave off his attacker and cried out for Defendants to intervene. Defendants' guard, however, failed to act quickly.

*VI. Causes of Action.*

### FIRST CAUSE OF ACTION
### Federal Tort Claims Act

12. The acts committed by Defendants and its employees/agents were negligent. Specifically, the prison guard was an employee of FDC and was acting within the course and scope of his employment and had a duty to exercise ordinary care and protect Plaintiff against physical injury and harm. Under 28 U.S.C. § 2674, the United States is liable to Plaintiff for his damages resulting from the negligent acts described herein.

### SECOND CAUSE OF ACTION
### Breach of Duty To Aid or Protect

13. A special relationship existed between Plaintiff and Defendants. Restatement of the Law (Second) Torts, §314A. Defendants owed a duty to Plaintiff to intervene in the assault and battery of Plaintiff by other inmates and to stop further injury.

### THIRD CAUSE OF ACTION
### Eighth Amendment Violations

14. Defendants violated Plaintiff's rights under the Eighth Amendment by: (1) knowing of and disregarded the excessive risk to Plaintiff; and (2) acting deliberately indifferent to Plaintiff's safety.

## FOURTH CAUSE OF ACTION

### Violations of 42 USCS § 1983

15. Defendants violated Plaintiff's rights under 42 USCS § 1983 by depriving Plaintiff of his civil rights when Defendants subjected or caused Plaintiff to be subjected to the deprivation of Plaintiff's rights secured by the United States Constitution.

## FIFTH CAUSE OF ACTION

### Employer Negligence

16. Defendants were negligent in their hiring, training and supervising of its employee.

17. Defendants were negligent in overseeing that employee followed and adhered to prison rules and/or regulations in that its employee gave Plaintiff the remote control thereby creating a volatile environment.

18. Defendants were negligent in failing to properly train its employee to prevent and/or intervene in attacks such as the one Plaintiff was a victim of.

### *VII. Damages.*

19. As a direct and proximate result of Defendants' negligent acts, Plaintiff has suffered the following injuries and damages:

a. Physical pain and mental anguish in the past, present and future;

b. Lost earnings;

c. Loss of earning capacity;

d. Disfigurement in the past, present and future;

e. Physical impairment in the past, present and future;

f. Medical expenses in the past, present and future; and,

g. General damages as determined by this Court.

## VIII. Prayer.

For these reasons, Plaintiff asks for judgment against Defendants for the following:

1. Compensatory and special damages in amounts as shall be determined at the time of trial against Defendants jointly and severally;

2. Costs of suit;

3. Prejudgment and postjudgment interest;

4. All other relief the Court deems appropriate.

Dated: Honolulu, Hawai'i, _____AUG 14 2008_____.

WILLIAM FENTON SINK
Attorney for Plaintiff